### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### LOUISVILLE DIVISION

**TERRI T. QUISENBERRY**                                                  **PLAINTIFF**

**v.**                                          **CIVIL ACTION NO.  3:23-CV-P393-JHM**

**ANNA VALENTINE** *et al.*                                              **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action.  This matter is before the Court for initial review pursuant to 28 U.S.C. § 1915A.  For the reasons set forth below, the Court will allow some claims to proceed for further development, dismiss other claims, and allow Plaintiff to amend the complaint as to one of his claims.

Plaintiff Terri T. Quisenberry is a convicted inmate at Kentucky State Reformatory (KSR). Plaintiff sues the following personnel of KSR in their official and individual capacities:  Dean Wright, a dialysis technician; Carol Stivers[1]; Warden Anna Valentine; Deputy Warden Phillip Campbell; and Grievance Coordinator Hilary Rucker.

### I.  STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

---

[1] Plaintiff does not identify a job title for Defendant Stivers, but it is evident from the narrative portion of the complaint that Defendant Stivers is involved in Plaintiff's dialysis treatment.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II.  ANALYSIS

### 1.  Official-capacity claims

A state, its agencies, and state officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Further, the Eleventh Amendment acts as a bar to claims for monetary damages against a state, its agencies, and state employees or officers sued in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Therefore, Plaintiff's official-capacity claims against all Defendants for monetary relief must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from a defendant who is immune from such relief.

2

## 2. Individual-capacity claims

### A. Defendants Wright and Stivers

Plaintiff alleges that Defendants Wright and Stivers violated his rights under the Eighth Amendment on various dates while he was being given dialysis treatment and that they retaliated against him when he complained about the treatment.  Upon review, the Court will allow Plaintiff's claims for excessive force/deliberate indifference to serious medical needs to proceed against Defendants Wright and Stivers in their individual capacities for damages and in their official capacities for injunctive relief[2] and will allow retaliation claims to proceed against them in their individual capacities for damages.  In allowing these claims to proceed, the Court passes no judgment on their ultimate merit or outcome.

### 2. Defendants Valentine and Campbell

Plaintiff alleges that Defendant Valentine denied his grievance appeals and that he wrote Defendant Valentine a letter and that he never received a response or help.  He makes no allegations of conduct by Defendant Campbell.  The Court construes the complaint as alleging claims against Defendants Valentine and Campbell based on their supervisory authority as KSR Warden and Deputy Warden.

To state a claim, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676.  The doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors.  *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v.*

---

[2] In the Relief section of the complaint, Plaintiff demands compensatory and punitive damages and does not make a demand for injunctive relief.  However, in the narrative portion of the complaint, he states that he seeks proper medical treatment.  The Court construes the complaint broadly as seeking injunctive relief in the form of proper medical treatment against Defendants Wright and Stivers in addition to damages.

*Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "Because § 1983 liability cannot be imposed under a theory of *respondeat superior*, proof of personal involvement is required for a supervisor to incur personal liability." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005). "At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy*, 729 F.2d at 421. The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Plaintiff makes no allegation of personal involvement in the alleged violation of his rights by Defendant Valentine or Campbell.

With regard to Plaintiff's allegations that Defendant Valentine denied his grievance appeals or failed to act on his grievances or letter, there is "no constitutionally protected due process interest in unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). By the same token, a plaintiff cannot maintain a claim against a prison official based solely on his handling of the plaintiff's grievances. "The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). A plaintiff's claim is against the subjects of his grievances, not those who merely decided whether to grant or deny the grievances. *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal, it is clear, fails to state a claim."). Moreover, the failure to act on Plaintiff's grievances or letters does not subject a prison official to liability. *See Horton v. Martin*, 137 F. App'x 773, 775 (6th Cir. 2005) ("[Plaintiff] merely alleged that [the defendant]

4

failed to remedy the situation after he had been informed of the problem via [plaintiff's] grievance. [This] allegation does not state a claim because the doctrine of respondeat superior does not apply in § 1983 lawsuits to impute liability onto supervisory personnel."); *Stewart v. Taft*, 235 F. Supp. 2d 763, 767 (N.D. Ohio 2002) ("[S]upervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act.").

For these reasons, Plaintiff's claims against Defendants Valentine and Campbell must be dismissed for failure to state a claim upon which relief may be granted.

### 3. *Defendant Rucker*

Plaintiff alleges that Defendant Rucker refused to provide him with a grievance appeal form on one occasion. As stated above, an inmate cannot state a constitutional claim against a prison official for denial of access to the grievance procedure. *Walker*, 128 F. App'x at 445. Therefore, Plaintiff's claim against Defendant Rucker must also be dismissed for failure to state a claim upon which relief may be granted.

### 4. *Other allegations*

Plaintiff makes other allegations in the complaint which fail to state a claim because he does not specify which Defendant, if any, allegedly took these actions. *See, e.g.*, *Lister v. Allen Oakwood Corr. Inst.*, No. 3:19-cv-1583, 2020 U.S. Dist. LEXIS 40093, at *7-8 (N.D. Ohio Mar. 9, 2020) (dismissing claims where the plaintiff generically alleged unconstitutional actions were committed by "Defendants" or "they" for failure to specify which defendant or defendants violated the plaintiff's rights) (citing *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of § 1983 claim for failure to state a claim against defendants in their individual capacity where plaintiff did not allege which of the named defendants were personally responsible for the alleged violations of his rights). The Court may allow Plaintiff to amend his complaint to identify

5

the individuals who allegedly violated his constitutional rights.  *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[A] district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the [Prison Litigation Reform Act]).""  Before doing so, the Court must first consider whether amendment would be futile.  *See Bishawi v. Ne. Ohio Corr. Ctr.*, 628 F. App'x 339, 347 (6th Cir. 2014) ("Although a district court may allow a plaintiff to amend his complaint before entering a sua sponte dismissal, it is not required to do so, *LaFountain v. Harry*, 716 F.3d [at 951] . . ., and leave to amend should be denied if the amendment would be futile.").

Plaintiff alleges that on December 21, 2022, he filled out a "medical Charge review Sheet about 30 dollar that has been took out of my account and ask if the state take care of inmate why are the money getting taking out of my account and what are you'll doing with this money" and also asks why he is "receiving the generic prescriptions for my dyer medical Condition."  Plaintiff does not allege any specific individuals responsible for these actions.

In any event, prisons are entitled to charge inmates for medical care.  *White v. Corr. Med. Servs.*, 94 F. App'x 262, 264 (6th Cir. 2004) ("It is constitutional to charge inmates a small fee for health care where indigent inmates are guaranteed service regardless of ability to pay.").  Moreover, Plaintiff's allegations about receiving a generic prescription amounts to a disagreement with his medical treatment and is not sufficient to state a constitutional claim.  *Jacobs v. Univ. of Med. & Dentistry of N.J.*, No. 12-3001 (FLW), 2012 U.S. Dist. LEXIS 80335, at *11-12 (D.N.J. June 11, 2012) ("Plaintiff has been prescribed a generic equivalent to the name-brand prescription he previously received.  Thus, it appears that there is merely a disagreement about treatment, rather than deliberate indifference.").  Therefore, allowing Plaintiff to amend the complaint to identify

the individuals responsible for these actions would be futile, and the Court need not allow him to amend the complaint regarding these allegations.

Plaintiff also alleges that he was fired from a prison job and "[does not] have a clue why, I have gotten fired other than it is retaliation from the institution for filing grievance[.]"  The allegation is vague and too lacking in factual enhancement to state a claim.  *Iqbal*, 556 U.S. at 678. Moreover, the denial of a prison job has been held not to constitute an adverse action to support a retaliation claim.  *Hodge v. Renfrow*, No. 4:19CV-P35-JHM, 2019 U.S. Dist. LEXIS 142835, at *12-13 (W.D. Ky. Aug. 22, 2019); *see also Bailey v. Ingram*, No. 5:14-279-DCR, 2014 U.S. Dist. LEXIS 152493, at *13-15 (E.D. Ky. Oct. 24, 2014) (holding that "the removal of a prisoner from his prison job has generally been held not to constitute an adverse action under the retaliation analysis") (collecting cases).  Further, an inmate has no constitutional right to a prison job or rehabilitative program. *Bullock v. McGinnis*, 5 F. App'x 340, 348 (6th Cir. 2001) (prisoners have no constitutional right to rehabilitation, education, or jobs).  Accordingly, allowing Plaintiff to amend the complaint regarding this claim would be futile, and the Court will not allow Plaintiff to amend regarding this claim.

Finally, Plaintiff alleges that on April 5, 2022, an inmate "attacked me first in yet I receive 13 day in the hole in a write up for this fight that I was in but the white inmate . . . got out of the whole in two day and did not receive a write up."  He states, "Any time an inmate of that color does anything it almost never any punishment to them . . . ."  He also asserts that there is "consistent Racialism that goes on at this institution."  The Court construes the allegations as a claim for violation of the Equal Protection Clause.[3]  Upon consideration, the Court will allow Plaintiff to

---

[3] The Equal Protection Clause prohibits discrimination by government actors which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference. *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681-82 (6th Cir. 2011); *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir. 2005).  The threshold element of an equal protection claim is

amend his complaint to name the individuals against whom he alleges violated his rights to equal protection and to state specific allegations as to how each individual violated his rights.

## III. CONCLUSION

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's official-capacity claims against all Defendants for damages are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), (2) for failure to state a claim upon which relief may be granted and for seeking damages from a defendant who is immune from such relief.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants Valentine, Campbell, and Rucker and his claims based on being charged for medical co-pays, receiving generic medications, and being fired from a prison job are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The **Clerk of Court is DIRECTED** to terminate Valentine, Campbell, and Rucker as Defendants in the docket sheet as no claims remain against them.

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this Memorandum and Order, **Plaintiff may file an amended complaint** to name the individuals who he alleges violated his rights under the Equal Protection Clause, to state specific factual allegations against each Defendant, and to sue each person in his or her individual capacity.

---

disparate treatment. *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006); *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) ("To state an equal protection claim, a plaintiff must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.'"). An "equal protection" plaintiff must be similarly situated to his comparators "in all relevant aspects . . . ." *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992); *see also Umani v. Mich. Dep't of Corr.*, 432 F. App'x 453, 460 (6th Cir. 2011) (holding that to be a similarly-situated person, "the comparative [prisoner] 'must have dealt with the same [decisionmaker], have been subject to the same standards, and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or [the defendant's] treatment of them for it.'") (quoting *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir. 1998)).

The **Clerk of Court is DIRECTED** to place this case number and the word "Amended" on a § 1983 complaint form and send it to Plaintiff.

The Court will enter a separate Service and Scheduling Order to govern the claims that have been permitted to proceed.

Date:   December 18, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
      Defendants Wright and Stivers
      General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel, as directed above
4414.010