## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

**TERRI T. QUISENBERRY**                                                                              **PLAINTIFF**

**v.**                                                   **CIVIL ACTION NO. 3:23-CV-P393-JHM**

**ANNA VALENTINE** *et al.*                                                                    **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. By prior Memorandum Opinion and Order (DN 9), the Court conducted an initial review of the original complaint under 28 U.S.C. § 1915A and allowed Plaintiff's Eighth Amendment claims for excessive force/deliberate indifference to serious medical needs to proceed against Defendants Dean Wright and Carol Stivers in their individual and official capacities and allowed First Amendment retaliation claims to proceed against Defendants Wright and Stivers in their individual capacities. The Court also construed the complaint as alleging a claim for violation of the Equal Protection Clause and gave Plaintiff the opportunity to amend his complaint to name the individuals whom he alleged violated his right to equal protection and to state specific allegations as to how each individual violated his rights. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

Plaintiff filed an amended complaint (DN 13).[1] This matter is now before the Court for initial review of the amended complaint under § 1915A. For the reasons stated below, the Court will dismiss the claims in the amended complaint.

### I. SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff is a convicted inmate at the Kentucky State Reformatory (KSR). In the amended complaint, he sues KSR Captains Randy Ordway and Jesse Gonzalaz and Warden Anna Valentine

---

[1] Plaintiff later filed a photocopy of his amended complaint, which was docketed as another amended complaint at DN 19. The Court will address the photocopy by separate Order.

in their individual and official capacities. Plaintiff alleges that on April 5, 2022, he "got into an altercation" with another inmate and that the inmate "assaulted" him. He further asserts as follows:

> That when the officer came and lock me and him up before going to seg. Captain Ordway & Captain Gonzalaz review the video and seen that Inmate Jetti Dye assaulted me and I protected myself. But yet I receive the higher categorie and stay and segregation longer. From my under standing Inmate Jetti Dye the white inmate stay and the segregation for only 2 day and didn't receive a write-up.

Plaintiff alleges that this was cruel and unusual punishment "by punishing me for protecting myself know I have medical problems (fistal inside arm)." He also alleges violation of his right to due process under the Fourteenth Amendment stating, "I got convicted before I went to court call I done 13 days and the segregation unit then got found not guilty later." He states, "Also did not recieve equal protection of white inmate."

Plaintiff also maintains that his Fifth Amendment rights were violated "by charging me with a 7.2 which is a assault charge. Have me into the segregation unit for 13 days. Then drop the charges not putting anytime I spend inside the unit on shelf, crediting the time I spent inside the unit." He later states that the Adjustment Committee found him not guilty. He asserts that Defendants Gonzalaz and Ordway decided to put him in segregation.

Plaintiff also states that Defendant Valentine approved putting inmate Dye on his wing and that Dye is a "known pyshic 4 paitene" which put Plaintiff's life in danger and which was "a viable retaliatory action taken toward me because I filed grievance against dialysis technician/nurses, (Stivers/Wright) who also is and my other claims and with me been wrongfully convicted of assault (7.02) categories."

As relief in the amended complaint, Plaintiff seeks compensatory and punitive damages and injunctive relief in the form of "medical release."

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

#### A. Official-capacity claims

As the Court stated in its prior Memorandum Opinion and Order conducting initial review of the original complaint, a state, its agencies, and state officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Further, the Eleventh Amendment acts as a bar to claims for monetary damages against a state, its agencies, and state employees or officers sued in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Therefore, Plaintiff's official-capacity claims against Defendants Ordway, Gonzalaz, and Valentine, who are KSR employees/officials, for monetary relief must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from a defendant who is immune from such relief.

#### B. Individual-capacity claims

##### *1. Eighth Amendment*

Plaintiff alleges that Defendants violated the Eighth Amendment by putting him in segregation. The Eighth Amendment prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981)). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

The Sixth Circuit has held that "[b]ecause placement in segregation is a routine discomfort that is part of the penalty that criminal offenders pay for their offenses against society, it is insufficient to support an Eighth Amendment violation." *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008) (citation omitted) (confinement in administrative segregation for "three years and running" fails to state an Eighth Amendment claim). Indeed, the Sixth Circuit has stated that the "[t]emporary loss of privileges and confinement in segregation - without any allegations that basic human needs were not met - cannot establish an Eighth Amendment claim." *Alexander v. Vittitow*, No. 17-1075, 2017 U.S. App. LEXIS 22601, at *12-13 (6th Cir. Nov. 9, 2017); *Evans v. Vinson*, 427 F. App'x 437, 443 (6th Cir. 2011) (same). While Plaintiff makes reference in the amended complaint to having "medical problems (fistal inside arm)[,]" he makes no allegation that his basic needs were not met in segregation due to the medical problems.

For these reasons, Plaintiff's Eighth Amendment claim will be dismissed for failure to state a claim upon which relief may be granted.

### *2. Due Process Clause of Fourteenth Amendment*

Plaintiff also alleges that his placement in segregation violated the Fourteenth Amendment's Due Process Clause. Plaintiff's allegations concerning his placement in segregation are not a model of clarity. He states, "I got convicted before I went to court call I done 13 days and the segregation unit then got found not guilty later." He also states that disciplinary charges were dropped. In any event, it seems clear that he served thirteen days in segregation.

A procedural due process claim requires a showing that (1) the plaintiff had a protected life, liberty, or property interest, (2) the plaintiff was deprived of that interest, and (3) the defendants deprived him of that protected interest without adequate procedural rights. *Thomas-El v. Smith*, No. 23-1304, 2024 U.S. App. LEXIS 5493, at *4-5 (6th Cir. Mar. 6, 2024) (citing

5

*Wedgewood Ltd. P'ship I v. Township of Liberty*, 610 F.3d 340, 349 (6th Cir. 2010)). "[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Id.* at *5 (quoting *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005)). "In such instances, a liberty interest arises only when an inmate is subject to an 'atypical and significant hardship . . . in relation to the ordinary incidents of prison life.'" *Id.* (quoting *Wilkinson*, 545 U.S. at 222-23). "Both the degree and duration of an inmate's confinement in segregation should be considered in order to determine whether a liberty interest exists." *Id.* (citing *Sandin v. Conner*, 515 U.S. 472, 486 (1995)).

Courts have held that placement of a convicted prisoner in segregation for a relatively short period of time does not present an "atypical and significant" hardship implicating a protected liberty interest. *See*, *e.g.*, *Sandin*, 515 U.S. at 484 (disciplinary segregation for 30 days did not impose and atypical and significant hardship); *Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010) (61 days in segregation is not atypical and significant); *Jones v. Baker*, 155 F.3d 810, 812-13 (6th Cir. 1998) (holding that two years of segregation while inmate was investigated for murder of prison guard in riot did not implicate a liberty interest entitling him to due process); *cf. Thomas-El*, 2024 U.S. App. LEXIS 5493, at *6 ("We have held that confinement in administrative segregation may qualify as an 'atypical and significant hardship' where 'the prisoner's complaint alleged that he is subject to indefinite administrative segregation.'") (quoting *Joseph*, 410 F. App'x at 868).

The Court concludes that Plaintiff's thirteen-day confinement in segregation did not constitute an atypical and significant hardship triggering his right to due process. Therefore, the Court will also dismiss Plaintiff's Fourteenth Amendment due process claim for failure to state a claim upon which relief may be granted.

### *3. Due Process Clause of Fifth Amendment*

Plaintiff also alleges a violation of due process under the Fifth Amendment. However, the Due Process Clause of Fifth Amendment only applies to actions taken by the federal government. *Johnson v. City of Kentwood*, No. 20-1568, 2021 U.S. App. LEXIS 7518, at *10 (6th Cir. Mar. 15, 2021) (citing *Barron v. Baltimore*, 32 U.S. (7 Pet.) 243, 250, 8 L. Ed. 672 (1833)). Here, the actions of state officials, and not federal officials, are at issue. Consequently, the Court will dismiss the Fifth Amendment claim for failure to state a claim.

### *4. Equal Protection Clause*

In relation to his equal protection claim, Plaintiff states, "From my under standing Inmate Jetti Dye the white inmate stay and the segregation for only 2 day and didn't receive a write-up." He additionally states, "Also did not recieve equal protection of white inmate." Plaintiff does not state what his own race is. Construing the amended complaint broadly, the Court presumes that Plaintiff is African American and is alleging that he was punished more harshly than the white inmate.

The Equal Protection Clause of the Fourteenth Amendment prohibits discrimination by government actors which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference. *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681-82 (6th Cir. 2011); *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir. 2005). The threshold element of an equal protection claim is disparate treatment. *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006); *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) ("To state an equal protection claim, a plaintiff must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and

7

that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.'"). An "equal protection" plaintiff must be similarly situated to his comparators "in all relevant aspects . . . ." *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992); *see also Umani v. Mich. Dep't of Corr.*, 432 F. App'x 453, 460 (6th Cir. 2011) (holding that to be a similarly-situated person, "the comparative [prisoner] 'must have dealt with the same [decisionmaker], have been subject to the same standards, and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or [the defendant's] treatment of them for it.'") (quoting *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir. 1998)).

In light of this jurisprudence, the Court finds that Plaintiff's allegations are too conclusory to state an equal protection claim. Plaintiff fails to allege in the amended complaint that he and the white inmate were similarly situated in all material respects. *See, e.g.*, *Johnson v. Grayson Cnty.*, No. 21-5772, 2022 U.S. App. LEXIS 14816, at *3 (6th Cir. May 27, 2022) (upholding dismissal of equal protection claim upon initial review finding that, although the plaintiff alleged that he was the only inmate put in segregation after an altercation, "he did not allege facts showing that he was similarly situated to the other inmates in all relevant respects"); *Wynn v. Russellville Rural Police Dep't*, No. 1:23-CV-P87-JHM, 2023 U.S. Dist. LEXIS 189713, *8 (W.D. Ky. Oct. 20, 2023) (dismissing equal protection claim as conclusory and finding, "there are innumerable factors, including whether Plaintiff had previous criminal charges, or what evidence Defendants found on Plaintiff during their search of him, which could have led to the different treatment of Plaintiff and the driver"). For these reasons, Plaintiff's equal protection claim will be dismissed for failure to state a claim upon which relief may be granted.

### *5. First Amendment retaliation*

Plaintiff alleges that Defendant Valentine approved inmate Dye's move into his wing and that it was retaliatory "because I filed grievance against dialysis technician/nurses, (Stivers/Wright)."

In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc).

With regard to the third prong, "retaliation 'rarely can be supported with direct evidence of intent.'" *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (quoting *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987)). Thus, a plaintiff may rely on circumstantial evidence, but he must still provide "specific, nonconclusory allegations" linking his conduct to a defendant's retaliatory act. *Spencer v. City of Catlettsburg*, 506 F. App'x 392, 396 (6th Cir. 2012). "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)); *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). A plaintiff may allege a chronology of events from which a defendant's retaliatory animus could reasonably be inferred. *Manning v. Bolden*, 25 F. App'x 269, 272 (6th Cir. 2001) (citations omitted). However, courts are "reluctant to find retaliatory motive from temporal proximity alone when that proximity is not 'extremely close.'" *Briggs v. Westcomb*, 801 F. App'x 956, 960-61 (6th Cir. 2020) (citing

9

*Holzemer v. City of Memphis*, 621 F.3d 512, 526 (6th Cir. 2010)). Other evidence courts examine to determine retaliatory motive include statements by defendants or the disparate treatment of other prisoners in the same circumstances. *Hill v. Lappin*, 630 F.3d 468, 476 (6th Cir. 2010); *see also Patterson v. Godward*, 370 F. App'x 608, 610 (6th Cir. 2010).

Plaintiff's one-sentence allegation of retaliation is conclusory and provides no factual basis to support a retaliatory motive. "[B]ecause prisoner retaliation claims are easily fabricated, and accordingly pose a substantial risk of unwarranted judicial intrusion into matters of general prison administration, we are careful to require non-conclusory allegations." *Bennett v. Goord*, 343 F.3d 133, 137 (2d Cir. 2003) (internal quotation marks omitted). Here, Plaintiff does not allege that Defendant Valentine was aware that he filed a grievance against Wright or Stivers or allege any temporal proximity between the grievance and the events alleged in the amended complaint. Therefore, Plaintiff's retaliation claim will be dismissed for failure to state a claim.

### C. Injunctive relief

Plaintiff requests injunctive relief in the form of a "medical release." Plaintiff cannot seek release as relief in a § 1983 action. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Because Plaintiff cannot seek relief in this § 1983 action, his claim for injunctive relief must be dismissed for failure to state a claim.

## IV. CONCLUSION

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's claims in the amended complaint are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), (2) for failure to state a claim upon which relief may be granted and for seeking damages from a defendant who is immune from such relief.

The **Clerk of Court is DIRECTED** to terminate Ordway, Gonzalaz, and Valentine as Defendants in the docket sheet as no claims remain against them.

Date: March 25, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Counsel of record
4414.010